UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARCIA ESCOBEDO,<br><br>  Petitioner,<br><br>v.<br><br>JEFFREY MACOMBER, Warden,<br><br>  Respondent. | Case No.: 16cv0971 GPC (PCL)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

On February 24, 2016, Petitioner, a state prisoner proceeding pro se filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United District Court for the Eastern District of California. On March 28, 2016, the District Court for the Eastern District of California, dismissed the petition with leave to amend and ordered Petitioner to either pay the filing fee or submit an application to proceed in forma pauperis. On April 6, 2016, Petitioner filed a First Amended Petition, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). On April 21, 2016, having determined that jurisdiction for the Petition was proper in the Southern District of California, the District Court of the Eastern District of California transferred the case to this Court.

/ / /

/ / /

1

## REQUEST TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate. (The proper Southern District in forma pauperis form, which includes the required Prison Certificate, is attached for Petitioner's convenience.)

Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice. To have the case reopened, Petitioner must, no later than **June 27, 2016**, provide the Court with: (1) a copy of this Order together with the $5.00 filing fee; or (2) a copy of this Order together with adequate proof that Petitioner cannot pay the $5.00 filing fee.

## FAILURE TO PRESENT COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal

habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, the First Amended Petition ("Petition") is quite difficult to read. Petitioner appears to mention a jury instruction and testimony of a witness who was possibly given immunity. (*See* Pet. at 4-5.) It is impossible to discern from the vague allegations in the Petition, what Petitioner is specifically alleging as grounds for relief. Moreover, Petitioner has failed to allege that due to these purported errors, he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

The Court additionally notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year

Case 3:16-cv-00971-GPC-PCL   Document 10   Filed 04/25/16   PageID.38   Page 4 of 6

period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, as discussed above, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-

4

16cv0971 GPC (PCL)

34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that, as discussed above, under AEDPA a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not

presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the application to proceed in forma pauperis and **DISMISSES** this action without prejudice because Petitioner has failed to satisfy the filing fee requirement, failed to state a cognizable claim, and failed to allege exhaustion. To have this case reopened, Petitioner must, **no later June 27, 2016**, do two things: (1) either pay the filing fee **or** provide adequate proof of his inability to pay, **and** (2) file a First Amended Petition that cures the pleading deficiencies set forth above. *For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank in forma pauperis application and a blank amended petition form.*

**IT IS SO ORDERED**.

Dated: April 25, 2016

Hon. Gonzalo P. Curiel
United States District Judge